IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TERRI SIMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 07-584-SLR |
| ) | |
| JOHN E. POTTER, ) | |
| POSTMASTER GENERAL U.S. ) | |
| POSTAL SERVICE, ) | |
| ) | |
| Defendant. ) | |

Terri Simpson, pro se.

Colm F. Connolly, United States Attorney & Seth M. Beausang, Assistant United States Attorney, Wilmington, Delaware. Attorneys for Defendant.

**MEMORANDUM OPINION**

Dated: June 10, 2008
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Pro se plaintiff Terri Simpson ("plaintiff"), filed this action against John E. Potter, Postmaster General U.S. Postal Service ("defendant"), alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and the Rehabilitation Act, 29 U.S.C. § 791 et seq.  Now before the court is defendant's motion to dismiss for failure to state a claim.  For the foregoing reasons, the court reserves judgment on defendant's motion to dismiss pending plaintiff's response with in thirty days to remedy defects in her pleadings.

## II. BACKGROUND

In 2002, plaintiff was employed by the United States Postal Service ("USPS") in a temporary "light duty" capacity. (D.I. 2 at 4) On June 26 of that year, plaintiff was called into the office of her supervisor, John Williams, to discuss the status of her employment at USPS. (Id.) Williams asked plaintiff how long she had been working on light duty, what position she was hired for, and how long she had not been able to perform that position. (Id.) Plaintiff answered all of Williams' questions.[1] (Id.) Williams then informed plaintiff that, because her condition was permanent, USPS could no longer accommodate her as a light duty employee and that she was being terminated. (Id.) He requested that she return her badge and identification card and clean out her locker. (Id.) He then suggested that she file for retirement disability and wished her luck in the future. (Id.)

The following day, a union trustee informed plaintiff that she was actually on

---

[1] The court notes that plaintiff did not recite the answers she gave to Williams in the complaint, but only states that she answered them. (D.I. 2 at 4)

administrative leave with pay. (Id.) After thirty days, this status changed to administrative leave without pay. (Id.) On May 16, 2003, plaintiff was informed that her position at USPS was terminated and that she could file for retirement disability. (Id.)

On September 7, 2007, the Equal Employment Opportunity Commission ("E.E.O.C.") sent her a right to sue letter. (Id. at 5-8) On September 24, plaintiff timely filed this action by way of a form Title VII complaint alleging that her termination was based on discrimination on the basis of her race and disability. (Id. at 3)

### III. STANDARD OF REVIEW

In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. See Erickson v. Pardus, --- U.S. ----, 127 S. Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, --- U.S. ----, 127 S. Ct. 1955, 1964 (2007) (interpreting Fed. R. Civ. P. 8(a)) (internal quotations omitted). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" Id. at 1964-65 (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1959.

### IV. DISCUSSION

2

Since plaintiff proceeds pro se, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, --- U.S. at ----, 127 S. Ct. at 2200 (citations omitted). Under this pleading standard, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Phillips v. County of Allegheny, 515 F.3d 224, 233-34 (3d Cir. 2008) (quoting Twombly, 127 S. Ct. at 1965 n. 3.) "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id.

Plaintiff's initial burden for stating a claim under Title VII is the establishment of a prima facie case consisting of four elements: (1) she was a member of a protected class; (2) she was qualified for the position in question; (3) she suffered an adverse employment decision; and (4) similarly situated employees, not of the protected class, received more favorable treatment. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). To establish a prima facie case under the Rehabilitation Act, plaintiff must allege that she: (1) has a disability; (2) is otherwise qualified to perform the essential functions of her job, with or without reasonable accommodation; and (3) was nonetheless terminated or otherwise prevented from performing the job. Wishkin v. Potter, 476 F.3d 180, 184-85 (3d Cir. 2007). Disability is defined as a mental or physical impairment that substantially limits a major life activity. Id. at 185.

The complaint filed by plaintiff did not include any information about her actual racial identity or the nature of her impairment. In a motion to dismiss, however, the court may rely on matters of public record in addition to the complaint and any attached

3

exhibits. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). This includes the E.E.O.C. decisions relating to the matter before the court, which defendant attached to his opening brief. (D.I. 12 at A1-13) Under Sands, the court may refer to these documents without converting the motion to dismiss into one for summary judgment. 502 F.3d at 268. From these documents, the court notes that plaintiff is African American and suffers from a "venous insufficiency" impairment that affects a number of life activities. (D.I. 12 at A11)

With respect to her Title VII claim, plaintiff fails to state a claim upon which relief can be granted because her complaint does not provide the requisite factual detail to form a legal claim. Plaintiff satisfies the first and third elements because she is African American and was terminated from her employment. Plaintiff, however, does not allege any facts indicating that her termination was based on racially discriminatory animus, as required for a Title VII claim. Sarullo v. U.S. Postal Serv., 352 F.3d 789, 798 (3d. Cir. 2003). Conclusory statements, without alleging the grounds for her entitlement for relief, are insufficient to withstand a motion to dismiss.

With respect to her Rehabilitation Act claim, plaintiff's statement shows she has some level of impairment and that the permanent nature of this impairment led to her termination, thus meeting the third element of a prima facie case under the Rehabilitation Act. (D.I. 2 at 4) The first element is that plaintiff has a disability. Plaintiff has established that she has an impairment, venous insufficiency, that affects various life activities such as "lifting, carrying, standing, walking, bending, stooping and

4

twisting" her body.[2] (D.I. 12 at A11) This impairment was permanent and substantial enough in its effects on her activities to lead to her termination. (D.I. 2 at 4) Taking these facts to be true, as the court must in a motion to dismiss, plaintiff has alleged she has a disability.

For the second prima facie element of a claim of disability discrimination, plaintiff must allege facts sufficient to indicate she was "otherwise qualified" for the position she had or for some other position at USPS. Wishkin, 476 F.3d at 185. According to the text of the administrative decision of record, plaintiff was hired by the USPS, sometime before 1998, as a "Part-Time Flexible Flat Sorter Machine Clerk."[3] Plaintiff has not disputed the fact that she has not performed the essential functions of this position since 1998, i.e., she has been unable to perform the lifting, carrying, standing, walking, bending, stooping and twisting parts of this job. Consequently, plaintiff was accommodated by placement to a "temporary" light duty operation, that of "casing mail manually." Plaintiff eventually complained that she could not perform the functions of this position, and requested a "modified case." According to the record, because "there were only four modified cases in the unit and they were all assigned to full-time regular mailhandlers, there was no work available for [plaintiff] in a modified case area." (D.I. 12 at A11-12) Plaintiff, for her part, does not specifically assert what position she is

---

[2]Lifting and walking have been identified as major life activities. See Marinelli v. Erie, 216 F.3d 354, 363 (3d. Cir. 2000) (identifying lifting as a major life activity); Kelly v. Drexel Univ., 94 F.3d 102, 105 (3d Cir. 1996) (identifying walking as a major life activity).

[3]Although neither plaintiff nor defendant has recited plaintiff's full employment history, in order to make some sense of plaintiff's complaint, the court has resorted to the administrative record for context.

seeking, what the qualifications of said position are, that she meets those qualifications, or what accommodations should be made on her behalf. Without this information, the court has no basis to conclude that plaintiff was qualified for her job, or any job, at USPS. Thus, plaintiff has not shown that she is a qualified individual and fails to establish a prima facie case eligible for relief under the Rehabilitation Act.[4]

## V. CONCLUSION

For the aforementioned reasons, the court reserves judgment on defendant's motion to dismiss (D.I. 11) for thirty days pending plaintiff's amended pleading remedying the aforementioned defects. If the plaintiff fails to reply within thirty days, the defendant's motion to dismiss will be granted.

---

[4] Defendant also requests dismissal based on failure to exhaust administrative remedies. Since plaintiff fails to state a claim upon which relief can be granted, the court declines to consider this issue. The court also notes that plaintiff only responded to this argument from defendant's brief in her answer to the motion to dismiss, and did not address the deficiency issues in her claim. (D.I. 15)